UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEE MANUEL COLSON, JR.,

    Plaintiff,

v.       Case No. 4:25-cv-85-MW-MJF

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this civil action without prejudice because Plaintiff failed to comply with two court orders and failed to make the initial partial filing fee payment required by federal statute.

### BACKGROUND

Plaintiff, a federal prisoner, initiated this civil action on February 27, 2025, by filing a letter complaining about the conditions of his confinement at the Federal Correctional Institution, Tallahassee. Doc. 1. The clerk of the court docketed Plaintiff's letter as a complaint. *See* Docs.

1, 3. Plaintiff subsequently filed an amended complaint and a motion for leave to proceed *in forma pauperis*. Docs. 6, 7.

On October 15, 2025, the undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee of $63.00. Doc. 13. The undersigned imposed a compliance deadline of November 14, 2025, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id*.

To date, Plaintiff has not complied with the order dated October 15, and has not responded to the 14-day show cause order entered on December 2, 2025, Doc. 14.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action when a plaintiff fails to pay the filing fee. *See* 28 U.S.C. § 1915(a); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002).

Plaintiff has failed to comply with two court orders and has failed to make the required initial partial filing fee payment or demonstrate his inability to do so. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this case is appropriate. *See, e.g., Hyde v. Sheriff, Walton Cnty.*, 2023 WL 5814443 (11th Cir. Sept. 8, 2023) (affirming dismissal of case based on prisoner-plaintiff's failure to comply with a court order; prisoner failed to pay initial partial filing fee despite access to the requisite funds and was given repeated warnings by the district court that failure to pay could result in dismissal of the case).

## CONCLUSION

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this civil action without prejudice for Plaintiff's failure to comply with court orders.

2.  **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 6th day of January, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**